UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GURJINDER SINGH,<br><br>                 Plaintiff,<br>v.<br><br>KEVIN RAYCRAFT et al.,<br>                 Defendants. | Case No. 25-13673<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER TRANSFERRING PETITION
FOR WRIT OF HABEAS CORPUS (ECF NO. 1)**

Petitioner Gurjinder Singh ("Singh" or "Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained by the Respondents at the North Lake Processing Center in Baldwin, Michigan in violation of the Immigration and Nationality Act and the Due Process clause of the Fifth Amendment. *See generally*, ECF No. 1.

For habeas actions seeking, at least in part, immediate release from physical confinement, "jurisdiction lies only in one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Petitioner Singh is confined

at North Lake Correctional Facility in Lake County, Michigan. Lake County is within the Western District of Michigan.

Courts consider the district-of-confinement-rule to be a question of venue. *See id*. (holding that venue is improper outside district of confinement); *see also Padilla*, 542 U.S. at 451 (Kennedy, J. concurring). Section 1406(a) of Title 28 of the United States Code provides two options for a court concluding that venue in improper: it shall dismiss the case for being filed in the wrong district, "or if it be in the interest of justice," it may transfer the case to the district where venue is proper. 28 U.S.C. § 1406(a).

Here, the interest of justice requires transfer rather than dismissal. Dismissal of the action would cause Petitioner to incur the additional expense of filing the same habeas petition in the Western District, and, more importantly, would delay the possibility of his release. *See Aguilar v. Dunbar*, 2025 WL 3281540, at *8, ___ F. Supp. 3d ___ (E.D. Mich. Nov. 13, 2025). Indeed, dismissal in lieu of transfer may constitute an abuse of discretion, where, as here, the circumstances known to the court demonstrate that a transfer would be in the interest of justice. *Id*. at *9. Accordingly, the Court will transfer Singh's petition to the Western District of Michigan.

Accordingly, the Clerk of the Court is **DIRECTED** to **TRANSFER** Singh's petition for writ of habeas corpus (ECF No. 1) to the Western District of Michigan.

**IT IS SO ORDERED.**

Dated: December 9, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge